IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | |
|---|---|
| TIMOTHY SHAFFER AND MARY SHAFFER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HEALTH INSURANCE COMPANY, and MERITAIN HEALTH, INC.,<br><br>Defendants. | ELECTRONICALLY FILED<br>Nov 15 2017<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br>Civil Action No. 1:17-CV-195 (Keeley) |

### PETITION FOR REMOVAL OF PROCEEDING FROM STATE COURT

For its notice herein, Defendant National Health Insurance Company (hereinafter "NHIC"), by counsel, Bailey & Wyant, PLLC, Charles R. Bailey, and Jordan K. Herrick, pursuant to 28 U.S.C. §§ 1441 and 1446, petition this Court for the Removal of this action from the Circuit Court of Monongalia County, West Virginia, Civil Action No. 17-C-389, to the United States District Court for the Northern District of West Virginia, at Clarksburg, and in support thereof state as follows:

1.  NHIC is a Defendant in a civil action filed in the Circuit Court of Monongalia County, West Virginia, styled *Timothy Shaffer and Mary Shaffer, Plaintiffs, v. National Health Insurance Company, and Meritain Health, Inc., Defendants*, Civil Action No. 17-C-389.

2.  The Summons and Complaint were accepted for service by the West Virginia Secretary of State for NHIC on or about October 17, 2017. *See* Acceptance of Service, Exhibit A. The Summons and Complaint were accepted for service by the West Virginia Secretary of State for Meritain Health, Inc. (hereinafter "Meritain") on or about October 17, 2017. *See* Acceptance of Service, Exhibit B.

3. As of the filing of this Petition, Meritain has not appeared in this civil action through counsel or otherwise.

4. This action is a civil action in which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441, in that:

   a. Plaintiffs are residents of West Virginia. *See* Complaint ¶ 2, Exhibit C.

   b. Meritain is a New York Corporation whose principal place of business is located in New York. See Exhibit D.

   c. NHIC is a Texas Corporation whose principal place of business is located in Texas. See Exhibit E.

   d. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000). Plaintiffs do not request a specific amount of damages in the Complaint. As a result, this Court may look at the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D.W.Va. 1994). Here, Plaintiffs assert claims for breach of contract; common law unfair trade practices; violation of the West Virginia Unfair Trade Practices Act; and, conspiracy/aiding and abetting. The allegations arise out of the alleged denial of health insurance claims by the Defendants. Plaintiffs claim they are entitled to attorneys' fees and damages for common law bad faith pursuant to the holding in *Hayseeds v. State Farm Fire and Casualty Company*, and its progeny. Further, the West Virginia Unfair Trade Practices Act includes a fee shifting provision for Plaintiffs as well. Last, Plaintiffs also claim they are entitled to punitive damages for Counts II and III. *See* Complaint, p. 13.

3. As of the filing of this Petition, Meritain has not appeared in this civil action through counsel or otherwise.

4. This action is a civil action in which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441, in that:

   a. Plaintiffs are residents of West Virginia. *See* Complaint ¶ 2, Exhibit C.

   b. Meritain is a New York Corporation whose principal place of business is located in New York. See Exhibit D.

   c. NHIC is a Texas Corporation whose principal place of business is located in Texas. See Exhibit E.

   d. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000). Plaintiffs do not request a specific amount of damages in the Complaint. As a result, this Court may look at the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D.W.Va. 1994). Here, Plaintiffs assert claims for breach of contract; common law unfair trade practices; violation of the West Virginia Unfair Trade Practices Act; and, conspiracy/aiding and abetting. The allegations arise out of the alleged denial of health insurance claims by the Defendants. Plaintiffs claim they are entitled to attorneys' fees and damages for common law bad faith pursuant to the holding in *Hayseeds v. State Farm Fire and Casualty Company*, and its progeny. Further, the West Virginia Unfair Trade Practices Act includes a fee shifting provision for Plaintiffs as well. Last, Plaintiffs also claim they are entitled to punitive damages for Counts II and III. *See* Complaint, p. 13.

5. This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332. As set forth above, there is complete diversity of citizenship between Plaintiff and the Defendants. Further, based on the claims asserted by the Plaintiffs, there is no doubt that the total amount in controversy of this action exceeds the jurisdictional limitation of $75,000.

6. As a result of the fact that service of process was had on or about October 17, 2017, this Petition for Removal has been filed within thirty (30) days of service as required by 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

8. Thus, this action is properly removable by NHIC pursuant to 28 U.S.C. § 1441 based on diversity of citizenship set forth in 28 U.S.C. § 1332. Further, NHIC can remove this action without the initial consent of Meritain as these parties were served at different times. See 28 U.S.C. § 1446(b)(2)(C) "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Thus, Meritain can consent to this removal at a later date.

9. Further, venue of this action is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

10. Pursuant to 28 U.S.C. § 1441(d), a Notice of Filing of Petition for Removal of Proceeding From State Court has been filed with the Clerk of the Circuit Court of Monongalia County, West Virginia, and Plaintiffs' counsel has been served with a copy of same. *See* Notice of Filing of Petition for Removal of Proceeding From State Court, Exhibit F.

11. The only additional pleadings beside the Summons and Complaint that have been filed are Certificates of Service for discovery to be served on each of the Defendants. Further the docket sheet from the Circuit Court of Monongalia County, West Virginia, with respect to this matter is attached hereto as Exhibit G. As set forth in the Notice of Filing of Petition for Removal of Proceeding From State Court, Defendant has requested that the Clerk of the Circuit Court of Monongalia County, West Virginia provide a complete copy of the file with regard to Civil Action No. 17-C-389 to the Clerk for the United States District Court for the Northern District of West Virginia at Clarksburg.

12. Finally, Defendant has paid the fee to the Clerk's office in the amount of $400.00 for filing this Petition.

**WHEREFORE**, Defendant National Health Insurance Company requests this case proceed before this Honorable Court as an action properly removed from the Circuit Court of Monongalia County, West Virginia and further to grant this Defendant any and all other relief this Honorable Court deems just and proper.

**NATIONAL HEALTH INSURANCE COMPANY,**
**By Counsel,**

 /s/ Jordan K. Herrick
Charles R. Bailey (WV Bar #0202)
Jordan K. Herrick (WV Bar #11128)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
(304) 345-4222
cbailey@baileywyant.com
jherrick@baileywyant.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**TIMOTHY SHAFFER AND MARY SHAFFER,**

    **Plaintiffs,**

v.                                            Civil Action No. 1:17-CV-195 (Keeley)

**NATIONAL HEALTH INSURANCE COMPANY, and MERITAIN HEALTH, INC.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing "**PETITION FOR REMOVAL OF PROCEEDING FROM STATE COURT**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, November 15, 2017:

Allan N. Karlin
Jane E. Peak
Allan N. Karlin & Associates
174 Chancery Row, Morgantown, WV 26505
Counsel For: Plaintiffs

        /s/ Jordan K. Herrick
Charles R. Bailey (WV Bar #0202)
Jordan K. Herrick (WV Bar #11128)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
(304) 345-4222
cbailey@baileywyant.com
jherrick@baileywyant.com