IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | | |
|---|---|---|
| TIMOTHY SHAFFER AND MARY SHAFFER, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION NO. 1:17-CV-195 |
| v. | ) ) ) | |
| NATIONAL HEALTH INSURANCE COMPANY, and MERITAIN HEALTH, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF MERITAIN HEALTH, INC.'S MOTION TO DISMISS

---

Defendant, Meritain Health, Inc. ("Meritain"), by and through counsel, Hendrickson & Long, PLLC, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court for an order dismissing Plaintiffs' Complaint for failure to state a claim upon which relief may be granted. In support of its Motion, Meritain states:

### STANDARD OF REVIEW

The criteria with which a complaint must comply to survive a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is clearly set-forth in *Cozmyk v. Prompt Recovery Services, Inc.*, 851 F.Supp.2d 991 (S.D. W.Va. 2012):

> A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the

claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8. As the Supreme Court reiterated in *Aschcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S.Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to probable. *Id.* In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaints has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED.R.CIV.P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

*Id.* at 992-93.

## **INTRODUCTION AND SUMMARY OF ALLEGATIONS**

Plaintiffs allege three causes of action against defendants Meritain Health, Inc. ("Meritain") and its co-defendant, National Health Insurance Co. ("National") for the under or nonpayment of plaintiffs' medical bills under their health insurance policy with National. These claims are: (1) breach of contract, (2) common law and statutory bad faith (two separate theories of relief), and (3) secondary liability in the forms of aiding and abetting and conspiracy. Meritain

is the third-party claim administrator for National.  Doc. 1-3 at ¶¶ 31-33.  Meritain has no contract with plaintiff, takes no risk, is not in the insurance business and is prohibited from exercising any discretion in paying claims. See, Exhibits A and B .[1]

With respect to Count 1, no authority exists that imposes on a third-party administrator the liabilities that plaintiffs allege here.  To the contrary, existing law naturally requires that the existence of a contract between a plaintiff and a defendant to allege such a claim, which is not alleged in this case.  Meritain is not a party to plaintiffs' insurance policy, which was issued by National to plaintiffs, and plaintiffs are not a party to Meritain's Administrative Services Agreement with National, which specifically disclaims the existence of any third-party beneficiaries.   Because there is no agreement, alleged or otherwise, between plaintiffs and Meritain, Court 1 for breach of contract should be dismissed.

Count 2 actually pleads two theories of relief, common law and statutory bad faith.  Both theories are defective.  As shown below, Meritain's motion to dismiss should be granted on common law bad faith because, like contract claims, a defendant must have a contract with a plaintiff in order to state a common law bad faith claim.  *Grubbs v. Westfield Ins. Co.,* 430 F.Supp. 2d 563,  (N.D. W.Va. 2006) (" [T]he common law duty of good faith and fair dealing in insurance cases under our law runs between insurers and insureds and is based on the existence of a

---

[1]  Contract documents that are integral to the Complaint can be considered when attached to a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure without converting the motion to dismiss to a motion for summary judgment. *KBS Preowned Vehicles, LLC v. Reviva, Inc.,* 2014 WL 12591890 *3 fn 3 (N.D. W.Va. Mar. 26, 2014); *Long v. Nationstar Mortgage LLC,* 2016 WL 1229107 *1 fn 1 (S.D. W.Va. Mar. 28, 2016); *Collins v. Branch Banking and Trust Co.,* 2017 WL 741005 *3 (S.D. W.Va. Feb. 24 2017); *Phillips v. Pitt City Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009).   Exhibit A is Plaintiffs' contract with National, Exhibit B is Meritain's contract with National and Exhibit C is an amendment to Exhibit B.  The information redacted from Exhibits B and C relates to pricing.  These contracts are integral to Plaintiffs' Complaint and, therefore, can be considered by the Court without converting Meritain's Motion to Dismiss to a motion for summary judgment.

contractual relationship.  In the absence of such a relationship there is simply nothing to support a common law duty of good faith and fair dealing. . . .") (quoting *Elmore v. State Farm Mut. Auto Ins. Co.*, 202 W. Va. 430, 504 S.E.2d 893, 897 (W.Va. 1998)).

Plaintiffs' statutory bad faith claim is deficient for two independent reasons.  <u>First</u> the West Virginia Unfair Trade Practices Act ("UTPA") only permits claims for relief against defendants "in the business of insurance."   Meritain is simply a third party administrator that processes claims, is prohibited by contract from exercising any discretion, takes no risk and is not in the "business of insurance."   <u>Second</u>, the UTPA expressly identifies the insurer, and not the administrator, as the entity with "sole responsibility" for plaintiffs' claims, and there is no authority permitting plaintiffs to expand the UTPA to include additional parties.   For either of these two reasons, plaintiffs' UTPA claim should be dismissed.

Count 3 purports to impose secondary liability against Meritain on both aiding and abetting and conspiracy theories.   These allegations are pure boilerplate and insufficient to meet federal pleading standards.   Accordingly, the motion to dismiss should be granted on this claim as well.

## <u>ARGUMENT</u>

### I.      Plaintiffs' Claim for Breach of Contract against Meritain Must be Dismissed for Failure to State a Claim because No Contract Exists between Meritain and Plaintiffs

"In order to state a claim for breach of contract, West Virginia requires that the party allege the following elements: 'the existence of a valid, enforceable contract, that the plaintiff has performed under the contract, that the defendant has breached or violated its duties or obligations under the contract, and that the plaintiff has been injured as a result.'" Ohio *Valley Health Services & Education Corporation v. Riley*, 149 F.Supp.3d 709, 718 (N.D. W.Va. 2015), (quoting *Wince v. Easterbrooke Cellular Corp.*, 681 F.Supp.2d 688, 693 (N.D. W.Va. 2010) (emphasis in original omitted)).  Fundamental to any claim for breach of contract is the existence of a contract between

4

the plaintiff and defendant to breach.  Simply stated, "[i]t is well-settled that '[a] non-party to a contract cannot be sued for breach of contract.'"  *Riley*, 149 F.Supp.3d at 715, (quoting *A. Hak Indus. Services BV v. TechCorr USA, LLC*, 2014 WL 72431191 *12 (N.D. W.Va. Dec. 19, 2014)).

All of plaintiffs' claims stem from their purchase of an insurance policy from National on or about July 1, 2015 and that that Meritain acted as the administrator for the health insurance policies.  Doc. 1-3 at ¶¶ 6, 31.  The health insurance policy upon which the first count for breach of contract is based makes no reference to Meritain and does not identify any obligations or duties owed by Meritain to plaintiffs.  *See*, RJN, Exh. A.  Instead, the health insurance policy defines the parties thereto as "Covered Person" or "You", which, in this case, constitute plaintiffs and "We", "Us" or "Our", which refers to National.  *Id.* at 1.  As is always the case with insurance, the policy is executed by the insurer, i.e., National and not Meritain.  *See*, RJN, Exh. A.  Because Meritain is not a party to the policy, it cannot be held liable for a breach of it.

## II.     No Bad Faith Claim Has Been Sufficiently Pled Against Meritain.

### A.     Plaintiffs' Common Law Bad Faith Claim against Meritain Should be Dismissed because No Contract Exists between Meritain and Plaintiffs.

Similar to the breach of contract claim, a contract for insurance must exist between plaintiffs and Meritain in order to state a claim for common law bad faith.  *See, Elmore v. State Farm Mut. Auto Ins. Co.*, 202 W. Va. 430, 504 S.E.2d 893, 897 (W.Va. 1998).  In *Elmore*, the plaintiff had been injured by the insured's motorist in an accident that also killed the plaintiff's pregnant wife and unborn child.   The insurer's adjuster allegedly told the plaintiff that the plaintiff did not need to retain an attorney because the insurer was paying policy limits.  *Id.* at 895.  When the plaintiff discovered that statement was untrue, the plaintiff then sued the insurer for common law bad faith.  As to that claim, the Supreme Court of Appeals of West Virginia ("W.Va. Supreme Court") concluded "it [is] clear that the common law duty of good faith and fair dealing in

insurance cases under our law runs between insurers and insureds and is based on the existence of a contractual relationship." *Id.* at 897 (emphasis added). The court thus held no cause of action existed for common law bad faith against an insurer in the absence of a contractual agreement. *Id.* at 903. Here, plaintiffs also have no contract with Meritain and therefore cannot support a common law bad faith claim.

In *Grubbs,* the Northern District applied this principle to a claim brought by an insured against his insurer's adjuster. The adjuster was an employee of the insurer. The *Grubbs* Court granted the adjuster's motion to dismiss. *Grubbs v. Westfield Ins. Co.,* 430 F.Supp. 2d 563, 569 (N.D. W.Va. 2006). In reaching that decision, the court noted that, in light of the *Elmore* decision, no common law bad faith claim was pled because the adjuster and the plaintiff were not in privity. Dismissal of the common law bad faith claim was appropriate even though the adjuster was the agent of the insurer, and the insurer (i.e. the adjuster's employer) and plaintiff were in privity. *Id.* at 567. Moreover, the facts in *Grubbs* were stronger for plaintiff than those here because the adjuster was "an incidental beneficiary to the contract between the insured and insurance company." *Id.* at 567 quoting *Shrewsbery v. National Grange Mut. Ins. Co.,* 183 W. Va. 322, 395 S.E.2d 745, Syl. Pt. 2 (W.Va. 1990). Here, Meritain is not a beneficiary of plaintiffs' agreement with National. *See,* RJN, Exh. A at 9 (Who is Covered By This Policy). Accordingly, like the adjuster in *Grubbs,* Meritain's motion to dismiss should be granted "because common law fad faith is not an independent tort that can be established outside a contractual relationship, and [Meritain] is not a party to any contract of insurance between [the plaintiff and the insurer]. . . ." *Id.* at 569 and 569 n.5 (noting analogous rulings in other jurisdictions).

B.   Plaintiffs' Statutory Bad Faith Should be Dismissed.

The second cause of action alleges a violation of the UTPA due to bad faith conduct.   This claim should be dismissed for two independent reasons.   First, that claim does not extend to third parties as alleged by plaintiffs.   Second, the UTPA only applies to entities that are engaged in the business of insurance as opposed to claims processors and administrators.

> 1.   No Private Right of Action Exists Against Third Party Administrators under the UTPA.

Plaintiffs' statutory bad faith claim asks this court to resolve the question left open in *Taylor v. Nationwide Mut. Ins. Co.*, 214 W.Va. 324 (2003).   In *Taylor*, the Supreme Court of Appeals held that a cause of action for statutory bad faith could be stated against an adjuster employed by an insurer.   *Id.* at 330 ("Accordingly, we hold that a cause of action exists in West Virginia to hold a claims adjuster employed by an insurance company personally liable for violations of the West Virginia Unfair Trade Practices Act, W.Va.Code § 33–11–1 to –10.").   The court noted that,

> At this time, we note that in this opinion we are not addressing and will leave for another day the issue of whether or not a cause of action exists to hold non-employee contractual or independent adjusters personally liable for violations of the Unfair Trade Practices Act inasmuch as that issue was not included in the certified question and was not briefed or argued in this case.

*Id.* at 331, n.17.   Plaintiffs here seek to do just that, namely, state a cause of action against an independent third-party administrator.[2]

---

[2] The W.Va. Supreme Court identified "independent adjusters" while Meritain is an independent third-party administrator.  "An 'adjuster' is any individual who, for compensation, fee or commission, investigates and settles claims arising under property, casualty or surety insurance contracts, on behalf solely of either the insurer or insured."  W. Va. Code § 33-12B-1

The answer to the *Taylor* court's question is answered by the UTPA itself.

§ 33-46-7. Responsibilities of the insurer.

- **(a)** If an insurer uses the services of an administrator, <u>the insurer is responsible for determining the benefits, premium rates, underwriting criteria and claims payment procedures applicable to the coverage and for securing reinsurance, if any</u>. The rules pertaining to these matters shall be provided, in writing, by the insurer to the administrator. <u>The responsibilities of the administrator as to any of these matters shall be set forth in the written agreement between the administrator and the insurer</u>.

- **(b)** <u>It is the sole responsibility of the insurer to provide for competent administration of its programs</u>.

W. Va. Code § 33-46-7 (emphasis added).  As provided by the legislature, the "sole responsibility" here lays with plaintiffs' insurer.  The administrator is mentioned in the statute, yet the legislature chose not to impose liability under the UTPA against it.  No published decision extends liability beyond the insurer (or its employees) as plaintiffs seek here, and this Court should not be the first, particularly in the case of a third-party administrator.  Because the legislature mentioned "administrator" yet chose to impose "sole responsibility" against the insurer, the legislature has left no ambiguity for this Court to determine whether Meritain, as administrator, owes any responsibility under the UTPA to plaintiffs.  For this reason, the Court should plaintiffs' UPTA claim.

   2.  Meritain Is Not in the Business of Insurance.

  The UTPA only applies to persons or entities engaged in the business of insurance. W. Va. Code § 33-11-1 ("The purpose of this article is to regulate trade practices in the business of insurance"); *Hawkins v. Ford Motor Co.*, 211 W. Va. 487, 491 (2002) (noting self-insured entities

---

(emphasis added).  Adjusters often can also negotiate claims submitted to the insured.  Because Meritain lacks discretion pursuant to its contract with National, Meritain cannot be fairly described as an adjuster.

are not in the "business of insurance" and affirming denial of motion to amend complaint to add

an UTPA claim). Under the West Virginia Code, insurance is defined as "a contract whereby one

undertakes to indemnify another or to pay a specified amount upon determinable contingencies."

W.Va. Code § 33-1-1. An "insurer is every person engaged in the business of making contracts

of insurance." W.Va. Code § 33-1-2. "[A]bsent a contractual obligation to pay a claim, no bad

faith cause of action exists, either at common law or by statute." *Hawkins*, 211 W.Va. at 492.

Meritain is a third-party administrator for National. Doc. 1-3 at ¶¶ 31-33. This

administrator relationship arises, and can only arise, pursuant to an agreement between Meritain

and National. As set forth in that agreement, Meritain takes no risk and is not insuring anything.

> 5.6 This Agreement shall not be deemed a contract of insurance under any Applicable Laws. Meritain does not insure, guarantee or underwrite the liability of the Client related to any Policy, or for any other reason. The Client, and not Meritain, shall remain solely liable for the payment of Claims and all other expenses incidental to any Policy.

RJN Exh. B at 6 (emphasis added). No clearer demonstration that Meritain is not an insurer could

be made.

Moreover, Meritain lacks any discretion in determining whether plaintiffs' policy cover

their claims.

> 5.9 The Client [i.e., National] shall at all times retain full discretionary control, authority and responsibility with respect to the administration of the Policies. The Client agrees that Meritain's role will be limited to that of a provider of the non-fiduciary services specified under this Agreement, that the services rendered by Meritain under this Agreement will not include the power to exercise discretionary authority over Policy administration or Client assets (if any). Meritain's services under this Agreement are intended to and will consist only of those "ministerial functions" described in 29 C.F.R. 2509.75-8, D-2 and will be performed within the framework of policies and interpretations established by the Client. The Client is solely responsible for the design of the Policies.

RJN, Exh. B at 6 (emphasis added).

Nowhere do plaintiffs explain how Meritain exercised any (non-existent) discretionary authority and caused plaintiffs to receive less than the amounts due under their insurance policy.

Meritain is a third-party administrator that is not in the "business of insurance," and no allegations can change those facts, which are fatal to this claim. Accordingly, Meritain's Motion to Dismiss the UTPA claim should be granted.

**III.    Plaintiffs' Claim for Aiding and Abetting and Civil Conspiracy Should be Dismissed for Failing to Satisfy Federal Pleading Standards.**

Plaintiffs' third cause of action alleges boilerplate secondary liability with aiding and abetting and conspiracy claims. Cases are legion that such generic allegations are insufficient.

> Moreover, as in *Twombly*, in this case ASWAN has alleged, at best, "parallel conduct and a bare assertion of conspiracy." *Twombly*, 550 U.S. at 556. Such "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 557. ASWAN fails to allege with any specificity the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made. (*See, e.g.* 2d Am. Compl. P 201 (alleging that the City "advised homeless people, including members of ASWAN" that they would need to go to the Conrad Center to locate overnight shelter during the winter, but failing to identify who made such communications, to whom such communications were made, or the manner of communication).) "These bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim. . . . As such, the allegations are conclusory and not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 554-55)).

*A Soc'y Without a Name, for People Without a Home Millennium-Future-Present v. Virginia*, 699 F. Supp. 2d 787, 797 (E.D. Va. 2010). *See, e.g., Westfield Ins. Co. v. Mitchell*, 2013 U.S. Dist. LEXIS 125156, *21 (S.D. W.Va. Sept. 3, 2013) ("Beyond conclusory allegations stating that the parties 'conspired,' Mitchell makes no claims of the parties promoting any tort or unlawful goal.

These statements are insufficient to create an allegation of civil conspiracy."); *In re § 1031 Exch. Litig.*, 716 F. Supp. 2d 415, 423 (D.S.C. 2010) ( "[a] bank participates in numerous transactions every day involving the acceptance and deposit of checks. Yet unless it actually knows a breach of fiduciary duty is occurring and participates with *mens rea* in the consummation of the breach, it should not be liable for aiding and abetting the breach.") (granting motion to dismiss conspiracy and aiding and abetting claims); *Worthington v. Palmer*, 2015 U.S. Dist. LEXIS 159441, *19 ( E.D. Va. November 24, 2015) ("Fanciful, conclusory allegations of that sort simply do not support the existence of any conspiracy."); *Estate of Alvarez v. Johns Hopkins Univ.*, 205 F. Supp. 3d 681, 696 (D. Md. 2016) (granting motion to dismiss because "aider and abettor liability largely consist of repeating, mantra-like, the words 'aided' and 'abetted' in conclusory terms."); *Haberland v. Bulkeley*, 896 F. Supp. 2d 410, 427 (E.D. N.C. 2012) ("approving and authorizing" insufficient to allege aiding and abetting liability).

Here, plaintiff's allegations supporting the secondary liability claims are scant and conclusory. Plaintiffs identify Meritain as the administrator for plaintiffs' insurance Doc. 1-3 at ¶¶ 31-33. But in pure boilerplate, plaintiffs assert that "Meritain, as its administrator, knew, understood, implemented and condoned the misconduct of National in failing to pay . . ." *Id.* at ¶33. Plaintiffs then allege, on information and belief, that Meritain "aided and abetted and/or conspired with National to deprive plaintiffs of the benefits due" them. *Id.* at ¶ 34. The third cause of action itself similarly contains no allegation beyond conclusions that the defendants "combined to engage in concerted action" and "aided and abetted each other."

These claims fail to satisfy our Supreme Court's admonishment that a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 120 S. Ct. 1937, 1949 (2009). "[T]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).   Plaintiffs have done exactly that with their third cause of action and it should be dismissed for this reason.

The aiding and abetting claim is further deficient because it is only applicable to torts and is thus inapplicable to the breach of contract and statutory bad faith claims.   West Virginia recognizes the tort of aiding and abetting based upon the Section 876 of the Restatement Second of Torts (Persons Acting in Concert).   *Courtney v. Courtney*, 413 S.E.2d 418, 426 (W.Va. 1991); *Clark v. Milam*, 847 F.Supp. 409, 420 (S.D. W.Va. 1994).   In *Courtney, supra*, the W.Va. Supreme Court held:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.

*Syl. Pt. 5, Courtney*, 413 S.E.2d 418.   In defining the phrase tortious conduct, the Restatement Second of Torts states:

> The word "tortious" is used throughout the Restatement of this Subject to denote the fact that conduct whether of act or omission is such a character as to subject the actor to liability under the principles of the law of Torts.

Restatement Second of Torts at § 6 (1979).   Thus, for a viable claim for aiding and abetting to exist, one must have an underlying tort upon which the claim rests.

The complaint identifies three possible causes of action upon which plaintiffs may base their aiding and abetting claim – breach of contract, violations of the UTPA and common law bad faith.   Doc. 1-3.   First, a breach of contract is not a tort and cannot constitute tortious conduct. Consequently, plaintiffs cannot sustain its aiding and abetting claim upon an alleged breach of

contract.  See, *Jarosch v. American Family Mut. Ins. Co.*, 837 F.Supp.2d 980, 1003 (E.D. Wis. 2011); *R. Prasad Industries v. Flat Iron Environmental Solutions Corp.*, 2013 WL 2217831 *8 (D. Ariz. May 20, 2013).  Next, plaintiffs' assertions related to the UTPA are not tortious conduct as defined by the Restatement Second of Torts, but statutory violations.  Much like the breach of contract claim, because a violation of the UTPA is not a tort, it cannot support a claim for aiding and abetting.

## CONCLUSION

For the foregoing reasons, this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, should grant Meritain Health, Inc.'s motion to dismiss.

Dated: December 6, 2017

**MERITAIN HEALTH, INC.**

By:   Hendrickson & Long, PLLC


     /S/ John H. Tinney, Jr.
John H. Tinney, Jr. (W.Va. Bar # 6970)
214 Capitol Street
Charleston, WV 25301
(304) 346-5500
(304) 346-5515 (fax)
jtinney@handl.com

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

| | | |
|---|---|---|
| **TIMOTHY SHAFFER AND MARY SHAFFER,** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **CIVIL ACTION NO. 1:17-CV-195** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **NATIONAL HEALTH INSURANCE COMPANY, and MERITAIN HEALTH, INC.** | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on 6th day of December 2017, I electronically filed the foregoing

**"Memorandum of Law in Support of Meritain Health, Inc.'s Motion to Dismiss"** with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Alan N. Karlin, Esquire
Jane E. Peak, Esquire
Allan N. Karlin & Associates
174 Chancery Row
Morgantown, WV 26505
*Counsel for Plaintiffs*

Charles R. Bailey, Esquire
Jordan K. Herrick, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Charleston, WV 25337-3710
*Counsel for Defendant National
Health Insurance Company*

_____/s/ John H. Tinney, Jr._____
John H. Tinney, Jr. (WV Bar #6970)